Mikel R. Miller
OSB #914754
E-Mail: mike@bendlaw.net
Law Office of Mikel R. Miller, P.C.
26 N.W. Hawthorne Ave.
Bend, OR  97701
Telephone: (541) 388-9819
Fax: (541) 317-4987
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| STEPHEN SJURSET, personally and as next friend for N.S. and T.B.<br><br>Plaintiffs<br><br>v<br><br>MARY ANNE MILLER, in her individual capacity, MARIA RANDALL, in her individual capacity, DYAN BRADLEY, in her individual capacity, CARYN MOLLER, in her individual capacity, CHARLES BUTTON of Stayton City Police Department in his individual and official capacity, MICHAEL MEEKS of Stayton City Police Department in his individual and official capacity, SCOTT MUMEY of Stayton City Police Department in his individual and official capacity, and CITY OF STAYTON, a municipal entity.<br><br>Defendants. | Case No.: 6:12-CV-282-AA<br><br>COMPLAINT<br>Civil Rights<br>42 U.S.C. § 1983<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT

Plaintiffs, by and through their attorney of record Mikel R. Miller, hereby allege a cause of action against Defendants as follows:

I

JURISDICTION

Complaint - Sjurset v Miller       1

60000 7256

1.

This action arises under the Fourth and Fourteenth amendments to the U.S. Constitution, and 42 U.S.C. § 1983 and § 1988. This suit also redresses the deprivation of those rights, privileges and immunities guaranteed by the Constitution of the United States.

2.

The Court has jurisdiction pursuant to 28 U.S.C. § 1343 (3) (4) which provides for original jurisdiction of the Court in all suits brought pursuant to 42 U.S.C. § 1983. Additional jurisdiction is conferred on this Court by 28 U.S.C. § 1331.

3.

Venue lies in this Court pursuant to 28 U.S.C. § 1391 in that all parties live in the State of Oregon, and pursuant to LR 3-2.

II

PARTIES

4.

Plaintiff Stephen Sjurset co-habitated with Jessica Borchers in the City of Stayton, Marion County, State of Oregon, and did so at all times relevant to this matter. They are the natural parents of Plaintiff N.S. who was born in February, 2008, and is now four (4) years of age. Plaintiff T.B. is the natural child of Jessica Borchers who was born in May, 2005, and is now six and one half (6 ½) years of age. N.S. and T.B. resided with Stephen Sjurset and Jessica Borchers in Marion County on February 20, 2010, and for at least six (6) months preceding that date. Plaintiff Stephen Sjurset was made the legal guardian of T.B. on January 6, 2011. Plaintiffs are all residents of the State of Oregon and were so at all times relevant to this matter.

5.

Defendant City of Stayton is a municipal entity located in Marion County in the State of Oregon.

6.

Defendant Mary Anne Miller an employee of the State of Oregon Department of Human

Complaint - Sjurset v Miller    2

Services, is being sued in her individual capacity, and was acting under color of State Law at all times relevant to this matter. Defendant Maria Randall an employee of the State of Oregon Department of Human Services, is being sued in her individual capacity, and was acting under color of State Law at all times relevant to this matter. Defendant Caryn Moller an employee of the State of Oregon Department of Human Services, is being sued in her individual capacity, and was acting under color of State Law at all times relevant to this matter. Defendant Dyan Bradley a Supervisor at the Oregon State Department of Human Services, is being sued in her individual capacity, and was acting under color of State Law at all times relevant to this matter. Defendants are all residents of the State of Oregon.

7.

Defendant Charles Button, was an employee of the City of Stayton Police Department and acting under color of State Law at all times relevant to this matter and is being sued in his official and individual capacity. Defendant Michael Meeks, was an employee of the City of Stayton Police Department and acting under color of State Law at all times relevant to this matter and is being sued in his official and individual capacity. Defendant Scott Mumey, was an employee of the City of Stayton Police Department and acting under color of State Law at all times relevant to this matter and is being sued in his official and individual capacity. Defendants are all residents of the State of Oregon.

III

FACTS

8.

On February 18, 2010, the Department of Human Services for the State of Oregon claims they received an anonymous report that Jessica Borchers, who was 24 weeks pregnant, had a urinalysis that tested positive for controlled substances. This report apparently caused Defendant Caryn Moller to attempt to contact Ms Borchers or Plaintiff Stephen Sjurset.

9.

On February 19th, 2010, Defendant Caryn Moller made a request to the Stayton Police Department that they go to the Plaintiffs' home and check on the welfare of N.S. and T.B. On February 20, 2010, at approximately 9:00 p.m. Defendant Button went to Plaintiffs' home where he was able to observe N.S.

Complaint - Sjurset v Miller       3

and T.B. through the front window of the home. There was no indication that N.S. and T.B. were in any danger or that they were not being properly cared for and healthy. Defendant Button then called for back-up and notified DHS.

10.

On or about February 19th, 2010, Defendant Mary Anne Miller, working as a child protection agent for the State of Oregon, in concert with her supervisor Defendant Dyan Bradley, and Defendant Caryn Moller, made the decision to enter Plaintiffs' home and remove N.S. and T.B. from their home against their will. When they made this decision there was no evidence that N.S. or T.B. were in "imminent danger" that would justify the removal. Defendants did not seek a court order to remove the children from their home or to interfere in the fundamental liberty interest of Plaintiffs in their familial relationship. Defendants did not have probable cause and exigent circumstances to support their decision to seize N.S. and T.B. Defendants did not have the parents' permission to seize N.S. and T.B.

11.

On February 20, 2010, at approximately 9:20 p.m., Defendant Mary Anne Miller, aided by Defendant Button, Defendant Meeks and Defendant Mumey, police officers working for the City of Stayton Police Department, forcibly invaded the Plaintiffs' home without a court order, probable cause and exigent circumstances or permission and seized N.S. and T.B. Defendants knew that they did not have a court order. The Defendants did not attempt to get a court order, despite having sufficient time to do so.

12.

Prior to their removal from their home at 9:20 p.m. on February 20th, 2010, N.S. and T.B. were not in danger and were safe and secure in their home under the care and control of Plaintiff Sjurset. The invasion of the home and seizure of N.S. and T.B. was extremely traumatic and emotionally disturbing to all the Plaintiffs. Upon invading the home, Defendants Miller, Button, Meeks and Mumey learned that the children were healthy and did not appear to be in danger. Despite knowing that N.S. and T.B. were not in imminent danger, Defendants continued with the seizure of N.S. and T.B. and removed them from their home.

13.

Plaintiff Sjurset and Jessica Borchers informed Defendant Miller that they did not want N.S. or T.B. to be interviewed without a parent or an attorney being present. Defendant Miller ignored this instruction and interrogated T.B. in the car immediately after seizing the child and removing him from his home and parents.

14.

On February 22, 2010, a hearing was held in Marion County Circuit Court on Petitions filed by the State: Case Numbers 07J1058 for T.B. and 08J0098 for N.S. The State alleged that the children were in danger and should be kept away from their family and their family home. Defendant Caryn Moller, as the DHS caseworker, filed a report with the Court in support of the State's motion to keep N.S. and T.B in foster care and away from their family and home. The report to the Court contained material and substantial misrepresentations of fact, and excluded relevant information. Defendant Moller knowingly and intentionally gave false information to the Court with the expectation that the Court would rely on this information in issuing an order authorizing the continued seizure of N.S. and T.B. Defendant Moller alleged that Plaintiff Sjurset had a drug problem that interfered with his ability to parent without any evidence of such a problem. Defendant Moller falsely alleged that there was no record of Jessica Borchers seeking pre-natal care. Defendant Moller claimed Plaintiff Sjurset's exercising of his constitutional rights was a failure to cooperate with DHS and therefore it was necessary to remove the children.

15.

Defendants Meeks, Button, and Mumey were acting in conformity with policies, procedures, and customs of the City of Stayton. The City of Stayton failed to adopt policies and procedures that would require their officers to comply with the law, and failed to adequately train the police to protect the rights of parents and children. Specifically they were not trained in the law concerning the 4th and 14th amendments to the U.S. Constitution which protects the sanctity of the home and family, and which requires that the home not be invaded by the State without a court order, or probable cause and exigent circumstances.

Complaint - Sjurset v Miller     5

16.

Defendant Maria Randall, as the DHS caseworker subsequently assigned to the case after the initial seizure, filed a report in the court in support of keeping N.S. and T.B in foster care and away from their family and home. The report to the Court contained material and substantial misrepresentations of fact, and excluded relevant information. Defendant Randall knowingly and intentionally gave false information to the Court with the expectation that the Court would rely on this information in issuing an order authorizing the continued seizure of N.S. and T.B. Plaintiff Sjurset had informed Defendant Randall that he would allow DHS complete access to his home twenty-four (24) hours a day to monitor N.S. and T.B. if they were returned to their home. Defendant Randall intentionally did not include this information in her reports to the Court. Defendant Randall continued to tell the Court that Plaintiff Sjurset was a danger to N.S. and T.B. despite having no evidence to support the allegation.

17.

Defendants Moller and Randall failed to provide Plaintiffs with sufficient and adequate contact while N.S. and T.B. were being held against their will. Defendants did not have reasonable justification to deny Plaintiffs additional contact.

IV

DAMAGES

18.

Plaintiff Sjurset was emotionally and psychologically traumatized by the invasion of his home and suffered embarrassment and humiliation, both public and private by his inability to protect N.S. and T.B. from being seized and removed from their home. Plaintiff Sjurset suffered severe emotional distress and fear each and every moment that N.S. and T.B were kept from his care. Plaintiff now lives in fear of further unreasonable action by DHS, and has lost trust and faith in the legal system to protect his rights. The actions of the Defendants were a direct and proximate cause of Plaintiff Sjurset's damages.

19.

Plaintiffs N.S. and T.B. were emotionally and psychologically traumatized by the invasion of their home and their seizure and imprisonment in the foster care system. Plaintiffs N.S. and T.B. were not placed in the least restrictive environment. Plaintiffs N.S. and T.B. suffered severe emotional distress and fear each and every moment they were kept from their home and family. Plaintiffs N.S. and T.B. now fear the police and no longer feel secure in their day to day living. The actions of the Defendants were a direct and proximate cause of Plaintiffs N.S. and T.B.'s damages.

20.

As a result of Defendants' actions the Plaintiffs suffered unreasonable interference in their rights to the love, comfort and companionship provided by the parent-child relationship.

V

CLAIMS

21.

COUNT 1

42 U.S.C. §1983

The invasion of Plaintiffs' home and seizure of N.S. and T.B. by Defendants Miller, Randall, Moller, Bradley, Button, Meeks and Mumey was a violation of the Plaintiffs' rights to maintain their familial relationship, a fundamental liberty interest, guaranteed to the Plaintiffs by the 14th Amendment to the U. S. Constitution.

22.

COUNT 2

42 U.S.C. §1983

The invasion of Plaintiffs' home and seizure of N.B. and T.B. was a violation of the Plaintiffs' rights under the Fourth Amendment to the United States Constitution, to be free from unreasonable search and seizure.

23.

COUNT 3

42 U.S.C. § 1983

Defendants Moller and Randall violated Plaintiffs right to procedural and substantive due process as guaranteed to them by the 14th amendment to the U. S. Constitution, by intentionally providing false information to the Court.

24.

COUNT 4

42 U.S.C. § 1983

MONELL

Defendant City of Stayton has policies, procedures or customs that allowed for, provided for, or failed to prevent, the seizure of N.S. and T.B. without a court order or probable cause and imminent danger to the children. Defendant City of Stayton failed to adequately train its police officers to recognize that the rights of parents and children cannot be violated without a court order or probable cause and imminent danger. The law was clearly established in the Ninth Circuit by the opinion issued in *Wallis v. Spencer*, 202 F.3d 1126 (9th Cir., 2000). The customs and policies, or lack thereof, of Defendant City of Stayton were a direct and proximate cause of the Plaintiffs' damages.

VI

PRAYER FOR RELIEF

25.

Plaintiffs demand judgment against the Defendants as follows:

a) For the injuries set forth above, in the amount of no less than $1,500,000.00; and

b) For reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988; and

c) For such other and further relief as the Court deems just.

DATED: February 15th, 2012

Mikel R. Miller, OSB#914754
E-Mail: mike@bendlaw.net
Law Office of Mikel R. Miller, P.C.
26 NW Hawthorne Ave.
Bend, OR 97701
Telephone: (541) 388-9819
Attorney for Plaintiffs